# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEWAYNE LEE TURNER, | No. 2:18-CV-2796-TLN-DMC-P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KENNETH LLOYD ROSENFELD, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Kenneth Lloyd Rosenfeld, plaintiff's criminal defense attorney; and (2) the Sacramento County Superior Court. Plaintiff claims defendant Rosenfeld "acted as Judge, DA, attorney, Jury, and Convictioner" in his criminal case over 30 years ago. Doc. 1, p. 3. According to plaintiff, defendant Rosenfeld "kept pushing the court that I was guilty" despite his innocence. Id.

## II. DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

(concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

In this case, success on the merits of plaintiff's claim against defendant Rosenfeld would necessarily imply the invalidity of his underlying criminal conviction because it would mean plaintiff received ineffective assistance of counsel, and plaintiff has not alleged the underling criminal conviction has been invalidated or otherwise set aside. Plaintiff's claim is, therefore, not cognizable under § 1983.

## III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 2, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE